BOND SCHOENECK & KING

68 South Service Road, Suite 400, Melville, NY 11747-9750 | **bsk.com**

**BARBARA MARISSA MAISTO**
bmaisto@bsk.com
P: 516.267.6342
F: 516.267.6301

August 14, 2025

**Via ECF**
Honorable Philip M. Halpern
U.S. District Court for the Southern District of New York
Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street, Room 530
White Plains, New York 10601

Re: ***East Ramapo Central School District v. Kreyco Inc*.**
**Case No.: 7:25-cv-03319 (PMH)**

Dear Judge Halpern:

We represent Plaintiff East Ramapo Central School District ("ERCSD"). We respectfully request Your Honor's guidance and determination regarding the implementation of an ESI Protocol and extension of the currently scheduled discovery end dates as set forth herein.

Prior to our Rule 26(f) conference I discussed the negotiation of an appropriate ESI Protocol Agreement with Ms. Hordichuk, counsel for Defendant Kreyco, Inc. d/b/a Learning Language Network ("LLN"). We discussed that an ESI Protocol would allow the parties to exchange metadata relevant to the issues related to the claims and defenses, specifically those raised by LLN in its Counterclaims. The exchange of digital discovery will consist mostly of emails and the dates the emails were created and content of those emails will be particularly relevant requiring the exchange of metadata. Although Ms. Hordichuk stated she was open to discussing an ESI Protocol and it was being discussed prior to the Initial Conference and the entry of any Scheduling Order, she stated "it will not be included in our 26(f) plan because you failed to raise it in a timely manner". I proposed an ESI Protocol to LLN's counsel on June 24, 2025. Ms. Hordichuk asked for several revisions to the language of the ESI Protocol, many of which I have agreed to. One of

her objections was she would not agree to produce TIFF-images and would only produce Pdfs. I explained that Pdfs do not allow for the exchange of metadata, which is essential to an ESI Protocol and particular to the issues in our case, but we would agree to accept the production of documents in native format in lieu of TIFF-image. I agreed to this even though that would be an extra burden and expense to ERCSD to extrapolate the metadata. *A copy of the latest revised redlined ESI Protocol reflecting these requesting changes is attached as Exhibit A.* Despite revising the Agreement several times and revising the ESI Protocol based on her objections, Ms. Hordichuk now advised she will not sign the revised ESI Protocol. We respectfully request that Your Honor direct the parties to enter into the attached revised negotiated ESI Protocol.

Plaintiff also respectfully requests that the end dates for discovery be extended a minimum of ninety (90) days based on the disclosure of over sixty (60) witnesses among the parties. *The Initial Disclosures served by Plaintiff and Defendant are attached as Exhibit B.* Defendant has disclosed close to forty (40) third-party independent contractor witnesses alone. These contractors are part of Defendant's alleged claim for damages and would have information relevant to issues in the Complaint and Counterclaim. As such, it is likely Plaintiff will be deposing each of them. Defendant's Initial Disclosures state that each of these witnesses are to be "contacted through counsel". I have reached out to Ms. Hordichuk for the contact information for each of these witnesses. She now claims she may be representing all of these forty (40) independent contractors, but was not certain. This uncertainty is only further reason for the extension of the discovery end dates and clarification as to whether these witnesses will be represented by LLN's counsel.

In summary, ERCSD respectfully requests that LLN be directed to enter into the attached ESI Protocol and that the discovery end dates be extended ninety (90) days or a timeframe the Court determines is appropriate based on the foregoing discovery concerns.

Respectfully,

Barbara Marissa Maisto

Barbara Marissa Maisto

cc: Melissa Hordichuk, Esq.
James Graber, Esq.